IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WESLEY EDWARD SMITH, III,

    Plaintiff,

v.                              Civil Action No. 3:10cv881

COMMONWEALTH OF VIRGINIA,
et al.,

    Defendants.

## MEMORANDUM OPINION

These matters are before the court on ROBERT A. DYBING'S MOTION TO DISMISS (Docket No. 9), Defendant J. Kirk Courcey Showalter's MOTION TO DISMISS (Docket No. 15), the MOTION TO DISMISS (Docket No. 18) filed by Governor Bob McDonald [properly, Robert F. McDonnell], Kenneth T. Cuccinelli, II, Catherine Crooks-Hill and the Commonwealth of Virginia (collectively "Virginia Defendants"), the MOTION FOR SANCTIONS (Docket No. 24) filed by Robert A. Dybing, and DEFENDANT HILL'S MOTION FOR SANCTIONS (Docket No. 33). For the reasons set forth below, all motions will be granted.

## BACKGROUND

Wesley Edward Smith, III, attempted to register to vote in Virginia for the 2008 presidential election. See Mem. in Support of Defendant[] Showalter's Mot. to Dismiss at 4. Smith filled

out the voter registration form twice and registration was denied both times. Id. at Ex. A. When he attempted to vote in the election, he was precluded from doing so because he was not registered to vote. Id. Smith appealed the denial of his registration and the ensuing refusal to let him vote to the Circuit Court of the City of Richmond. Id. On December 10, 2008, that court affirmed the registration decision and rejected the claim involving the refusal to allow Smith to vote because Smith had failed properly to complete the voter registration form. Id.

Thereafter, on December 28, 2008, Smith filed an action in this Court against the Commonwealth of Virginia, Governor Tim Kaine, the Virginia State Board of Elections, and J. Kirk De Courcey Showalter, Robert A. Dybing and James V. Ingold, alleging that the defendants had violated 42 U.S.C. § 1983 when they deprived him of his right to vote. Robert A. Dybing's Mem. in Support of Mot. to Dismiss at 3, Ex. A. The Court eventually dismissed Smith's Third Amended Complaint for failure to state a claim. The dismissal was with prejudice and without leave to amend. See id. at Ex. B. Smith appealed that decision and the United States Court of Appeals for the Fourth Circuit affirmed. Id. at Ex. C. Smith did not seek review in the Supreme Court of the United States. Id. at 3.

After the Fourth Circuit's decision, Smith filed several more actions in Virginia state courts and in the United States District Court for the Southern District of New York, all alleging the same violations of his voting rights that he had presented to this Court. See Defendant Hill's Mem. of Law in Support of Mot. for Sanctions at 2-4, Exs. A-G, I-K. Those cases were all dismissed. Id. In the most recent of those cases, the Circuit Court for the City of Richmond imposed sanctions against Smith, including an injunction preventing him from filing future actions in that court without the court's permission. Id.

Smith once again has filed an action in this Court. The Complaint is vague, bereft of factual assertions, and laden with conclusions. However, its core is that "[i]n the 2008 General Election on or about [sic] the Plaintiff was denied his legal right to vote. The allege [sic] violation was committed by the Commonwealth of Virginia and its actors while acting under the law pursuant to 42 USC 1983 in its official duties." Compl. at ¶ 5. That, of course, is the gravamen of the case which he filed in this Court on December 28, 2008, and which was reviewed by the Fourth Circuit. Many of the defendants are the same as in this case, e.g., the Commonwealth of Virginia, Governor Tim Kaine (former Governor), Mrs. Showalter, Mr. Dybing, and the Virginia Registrar. To that list, Smith has added Virginia's

3

current Governor, the Honorable Bob McDonald [sic], Virginia Attorney General, Kenneth T. Cuccinelli, II, and Catherine Crooks-Hill, an attorney who filed a special appearance and a motion to quash service of process in Smith's latest case in the Circuit Court of the City of Richmond.

Each defendant has filed a motion to dismiss. Dybing has filed a motion to dismiss alleging that the Complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6) and that any claims are barred by res judicata and the statute of limitations. Showalter has filed a motion to dismiss based on the same grounds. The Virginia Defendants have filed a motion to dismiss based on those same grounds and on Fed. R. Civ. P. 12(b)(1) because this Court has no subject matter jurisdiction to hear Smith's claims.

Smith has filed a brief opposing the various motions to dismiss, and he has filed various other documents arguing that the Complaint should not be dismissed. None of those documents filed by Smith clarify the exact nature of the cause of action or why the Complaint should not be dismissed. Each simply repeats the claims in the Complaint and reiterates that the suit should be allowed to proceed.

Defendants Dybing and Crooks-Hill have also moved for sanctions against Smith under Fed. R. Civ. P. 11 in the form of a pre-filing injunction preventing him from filing any future

4

suits against any of the Defendants without leave from the Court.

## DISCUSSION

### A. Subject Matter Jurisdiction

The Virginia Defendants assert that the Court lacks subject matter jurisdiction first because the Complaint shows on its face that there is no diversity jurisdiction, a jurisdictional ground asserted in the Complaint. On that score, the Virginia Defendants are plainly right. Virginia is not a citizen of any state. See State Highway Com. Of Wyoming v. Utah Constr. Co., 278 U.S. 194, 200 (1929). Because Virginia is not a citizen of any state, it cannot be diverse with any plaintiff and Smith's claims against the Virginia Defendants may not proceed based on diversity jurisdiction.

The Virginia Defendants also argue that the Complaint asserts no federal question. The Virginia Defendants are right on that score as well. Smith says that he is proceeding under 42 U.S.C. § 1983. Of course, that statute creates no substantive rights. But, Section 1983 does permit federal courts to adjudicate claims that seek redress for violations of federal constitutional or federal statutory rights. Smith fails to set forth in his Complaint a single federal constitutional or statutory right, much less a violation of such right. The only

5

law that Smith specifically alleges to have been violated is a Virginia statute: "This is an action pursuant to 8.01-277 of the Code of Virginia."[1] Compl. at ¶ 4. The Complaint also refers to, and attaches as its Exhibit A, an Order entered by the Circuit Court of the City of Richmond wherein that court denied Smith's Motion to Vacate Judgment and Dismiss the court's previous order which granted the "Commonwealth's Motion to Quash Service of Process and Motion to Dismiss," Compl. at Ex. A, which appears to address topics that are addressed in Va. Code Ann. § 8.01-277. Because the only law alleged to have been violated is a Virginia statute, the Complaint seeks to use 42 U.S.C. § 1983 to seek redress for the violation of a state law. Section 1983 may not be used for such purposes and the Complaint therefore fails to present a federal question. Thus, there is no federal question jurisdiction.

The fact that the Complaint talismanically, and in conclusory fashion, mentions the federal constitution and a federal law does not convert the case into one that presents a federal question where, as here, the Complaint actually recites (rightly or wrongly) that it proceeds on the basis of a specific state statute. Nor does the Complaint even hint that either the cited state statute itself or Virginia's alleged failure to

---

1 That statute addresses defective process and defective service of process.

6

conform with the state statute's requirements offends either the federal constitution or a federal statute.[2]

Finally, the type of relief that Smith seeks also precludes this Court's subject matter jurisdiction. Even if one could cobble together a federal question out of the almost incoherent Complaint, the best that could be said is that Smith seeks money damages from the Commonwealth and various of its officials acting in their official capacities. The Eleventh Amendment deprives the Court of jurisdiction over such claims. U.S. CONST. amend. XI. While Smith mentions the possibility of equitable relief in the prayer for relief, nothing in the text of the Complaint would remotely support injunctive relief against an ongoing violation of federal law.

For the foregoing reasons, the MOTION TO DISMISS (Docket No. 18) filed by the Commonwealth of Virginia and Governor Bob McDonald [properly Robert McDonnell], Kenneth T. Cuccinelli, II, and Ms. Catherine Crooks-Hill will be granted for lack of subject matter jurisdiction.

B. **Res Judicata**

The doctrine of res judicata prevents plaintiffs from re-litigating claims that have already been subject to judgment on

---

2 Even if Smith were to argue that Virginia's alleged violations of state law implicate a right to vote under the federal constitution or federal statute, such claims are barred by res judicata. See infra.

the merits. Preclusion by res judicata requires three elements: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." Aliff v. Joy Mfg. Co., 914 F.2d 39, 42 (4th Cir. 1990). Even if the plaintiff is not proceeding on the same legal theory advanced in the first suit, the first suit will preclude the second if "the second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment....'" Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009) (citing Aliff, 914 F.2d at 43). Dismissal based on Rule 12(b)(6) is "a judgment on the merits, and therefore triggers claim preclusive and res judicata effect." Enzo Therapeutics v. Yeda Research and Dev. Co., 467 F.Supp. 2d 579, 585 (E.D. Va. 2006) (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981)).

Any claim of action based on Virginia's allegedly having deprived Smith of his voting rights is barred by res judicata. Those claims were litigated to a final judgment in this court, namely the dismissal of Smith v. Voter Registrar Office, Civil Action No. 3:08cv800. That decision, which was affirmed by the Fourth Circuit, triggers res judicata, thereby barring another suit alleging claims arising out of the same events. To the extent that Smith seeks, in this case, to raise legal theories

arising out of the refusal to allow him to vote, such claims are now barred by res judicata even if Smith did not raise them in the first suit. Whatever else can be said about the Complaint, it is based on the refusal to allow Smith to vote. Any such claim is barred and the motions to dismiss under Rule 12(b)(6) predicated on the doctrine of res judicata will be granted. Those motions are: ROBERT A. DYBING'S MOTION TO DISMISS (Docket No. 9), and Defendant J. Kirk Courcey Showalter's MOTION TO DISMISS (Docket No. 15). The MOTION TO DISMISS (Docket No. 18) on res judicata grounds filed by the Commonwealth of Virginia and Governor Bob McDonald [properly Robert McDonnell], Kenneth T. Cuccinelli, II, and Ms. Catherine Crooks-Hill would be granted for the same reasons. However, because the Court lacks subject matter jurisdiction, that motion will be denied as moot.

C.  Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) seeks to test the legal sufficiency of the factual allegations made in the Complaint. Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). As the Supreme Court held in Bell Atlantic v. Twombly, 550 U.S. 544 (2007), the pleading standard that Rule 8(a) announces does not require "detailed factual allegations," but it demands more than an unadorned accusation. Id. at 555. A pleading that offers

9

mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. Nor does a complaint suffice if it tenders only "naked assertion[s]" devoid of "further factual enhancement." Id. at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. at 570. A claim has facial "plausibility" when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 557. This established pleading standard governs "all civil actions and proceedings in the United States district courts." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). Complaints filed pro se are to be "liberally construed" and not to be held to the same standard as those drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

If, for any reason, the Complaint is not barred by res judicata or there should be subject matter jurisdiction, the

10

Complaint utterly fails to meet the requirements of Twombly and Iqbal. Thus, the motions attacking it under Rule 12(b)(6) will be granted. They are: ROBERT A. DYBING'S MOTION TO DISMISS (Docket No. 9), Defendant J. Kirk Courcey Showalter's MOTION TO DISMISS (Docket No. 15). The MOTION TO DISMISS (Docket No. 18) on the same grounds filed by the Commonwealth of Virginia and Governor Bob McDonald [properly Robert McDonnell], Kenneth T. Cuccinelli, II, and Ms. Catherine Crooks-Hill would be granted for the same reason. However, because the Court lacks subject matter jurisdiction, that motion will be denied as moot.

D. **Statute of Limitations**

Claims brought under § 1983 are subject to a two-year statute of limitations. Clay v. LaPorta, 815 F.Supp. 911, 913 (E.D. Va. 1993). The Complaint alleges the denial of the right to vote in 2008 (the election took place on November 4, 2008). Smith filed this Complaint on December 8, 2010. Thus, even if the Complaint asserted a proper claim under § 1983 (and it does not because it alleges violation of a state statute as its predicate), the Complaint on its face shows that it is barred by the statute of limitations. The motions seeking dismissal on that ground will be granted. They are: ROBERT A. DYBING'S MOTION TO DISMISS (Docket No. 9) and Defendant J. Kirk Courcey Showalter's MOTION TO DISMISS (Docket No. 15).

E.  Sanctions

Dybing and Crooks-Hill seek sanctions under Fed. R. Civ. P. 11. If ever a Complaint offended Rule 11, this one does.

Rule 11(b) provides that:

> By presenting to the Court a pleading . . . whether by signing, filing, submitting, or later advocating it - an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after any inquiry reasonable under the circumstances:
> (1) it is not be presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support, after a reasonable opportunity for further investigation or discovery;
> . . .

F.R.C.P. 11(b). FED. R. CIV. P. 11(c)(1) requires parties seeking sanctions to give the other party notice and an opportunity to respond. F.R.C.P. 11(c)(1). Both Dybing and Crooks-Hill met these requirements.

Dybing gave Smith notice by serving Smith with the motion under Rule 5. Dybing identified Smith's naming Dybing as a defendant in the case as the conduct offending Rule 11. The notice pointed out that the Complaint in this case alleged no

12

facts indicating that Dybing personally did anything to violate Smith's rights. The notice further alleged that Smith knew that Dybing was not a state actor, but was instead a private lawyer retained to represent Ms. Showalter and other defendants in the former litigation brought by Smith. Finally, the notice alleged that the Complaint was filed against Dybing solely for the purpose of harassment. Dybing further gave Smith the opportunity to respond within twenty-one (21) days by withdrawing the allegations. Smith did not withdraw the Complaint.

Crooks-Hill's motion also gave Smith notice and the opportunity to respond. The motion informed Smith that Crooks-Hill had nothing to do with Smith's voter registration application or his prior litigation. Further, Crooks-Hill informed Smith that the Complaint did not allege any facts indicating that she had wronged Smith in any way, and that, indeed, the Complaint mentioned Crooks-Hill only in the caption of the suit. Crooks-Hill also afforded Smith twenty-one (21) days to drop the baseless allegations against her. He did not do so.

The Complaint violates Rule 11 because it was brought to vex and harass Dybing and Crooks-Hill. The Complaint filed by Smith does not allege that either Dybing or Crooks-Hill had anything to do with denying him to vote in the 2008 election. There appears in the Complaint no reason whatsoever to have named

Dybing or Crooks-Hill as defendants. This Court had already given Smith clear notice that he had no claim against Dybing and the Complaint gives no reason why Smith named Crooks-Hill as a defendant. That alone indicates quite clearly that Smith filed the suit, insofar as Dybing and Crooks-Hill are concerned, for purposes of vexation and harassment. If there was any doubt about Smith's intent, then it was dispelled when, after having been informed that neither Dybing nor Crooks-Hill had anything to do with denying his effort to vote in 2008, Smith persisted in the litigation.

Smith's conduct in other courts confirms that this action was brought for purposes of vexation and harassment and that sanctions are necessary. Smith has shown no qualms about persisting in baseless litigation. This Court, the federal court in New York and the state courts in Virginia uniformly and consistently and repeatedly have rejected Smith's assertions that the denial of his efforts to vote were wrongful or actionable. Nonetheless, after having been warned many times, including having one court issue an injunction against his proceeding with lawsuits that had no basis, Smith obsessively persisted to file this action. This is precisely this kind of conduct which Rule 11 prohibits. There was no factual basis for bringing Dybing or Crooks-Hill into the case. There is no basis in existing law or for extending existing law or for creating

new law that remotely would warrant their inclusion as defendants in this case. The evidence is therefore clear that Smith's purpose for bringing them into the case was harassment.

A clearer case for sanctions could not be made. The only issue remaining is what is an appropriate sanction. The Court concludes that Smith's egregious conduct warrants both monetary sanctions and injunctive relief.

Smith's conduct in this case justifies monetary sanctions. First, Smith has caused both Dybing and Crooks-Hill to retain counsel to represent them.[3] Second, Smith has wasted the Defendants' time and efforts by forcing them to defend against this baseless action. Finally, both Dybing and Crooks-Hill are lawyers, and the mere filing of the suit, no matter how frivolous, can have an impact upon a lawyer's malpractice insurance, present and future. In light of this harm to Dybing and Crooks-Hill, it is appropriate to impose a monetary sanction upon Smith. Accordingly, Smith must pay a $500 penalty into Court.

Smith's conduct also justifies injunctive relief. Smith has shown a marked propensity to litigate frivolously and for purposes of vexation, even after courts have rejected his claims. Smith will therefore be enjoined from filing any

---

[3] Dybing was represented by a lawyer in his firm and Crooks-Hill was represented by another lawyer in the Attorney General's Office.

15

further actions in this Court involving, in any way, the denial of his efforts to vote in the 2008 election. Smith also will be notified that any violation of that injunction will be the basis for the commencement of contempt charges against him which may be punished either civilly or criminally, by imprisonment or fine. Finally, Smith will be enjoined from filing any further action in this Court on any topic until he pays the $500 penalty previously levied.

## CONCLUSION

For the foregoing reasons, the following motions will be granted: (1) ROBERT A. DYBING'S MOTION TO DISMISS (Docket No. 9); (2) the MOTION TO DISMISS (Docket No. 15) filed by J. Kirk Courcey Showalter; (3) the MOTION TO DISMISS (Docket No. 18) under Fed. R. Civ. P. 1 filed by Governor Bob McDonald [properly, Robert F. McDonnell], Kenneth T. Cuccinelli, II, Catherine Crooks-Hill and the Commonwealth of Virginia (collectively "Virginia Defendants"); (4) the MOTION FOR SANCTIONS (Docket No. 24) filed by Robert A. Dybing; and (5) DEFENDANT HILL'S MOTION FOR SANCTIONS (Docket No. 33).

The MOTION TO DISMISS (Docket No. 18) under Fed. R. Civ. P. 12(b)(6) based on res judicata and failure to plead a claim is denied as moot.

The Clerk is directed to send a copy of this Memorandum Opinion to Wesley Edward Smith, III.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 6, 2011